Richard Hernandez
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone:  (973) 848-8615
Facsimile:  (973) 297-6615

Paul C. Curnin (admitted *pro hac vice*)
Craig S. Waldman (admitted *pro hac vice*)
Kavitha Sivashanker (*pro hac vice* forthcoming)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Attorneys for Valeant Pharmaceuticals International, Inc. and Robert L. Rosiello*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| OFFICE OF THE TREASURER AS TRUSTEE FOR THE CONNECTICUT RETIREMENT PLANS AND TRUST FUNDS,<br><br>Plaintiff,<br><br>v.<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al.,<br><br>Defendants. | Civil Action No. 19-cv-18473 (MAS) (LHG) |

## ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

Defendants Valeant Pharmaceuticals International, Inc. n/k/a Bausch Health Companies Inc. ("Valeant"), and Robert L. Rosiello ("Rosiello," and together with Valeant the "Defendants"), by and through their undersigned attorneys, hereby answer and respond to Plaintiff's Complaint, dated September 27, 2019 (the "Complaint").

Pursuant to the November 7, 2019 Stipulation and Order (ECF No. 6) (the "Order"), the amended answer and affirmative defenses that Defendants filed in the related class action, *In re Valeant Pharmaceuticals International, Inc. Securities Litigation*, Case No. 15-cv-7658 (the "Class Action"), ECF No. 379 (the "Class Action Answer"), are incorporated by reference as if

set forth fully herein.  Order, ECF No. 6, ¶(b).  Accordingly, set forth below are Defendants' (i) responses to allegations in paragraphs 72, 75–77, 86–87, 94–96, 120–25, 165–66, and 183–98, and Sections III.A, IV, V.C.6, VI, VIII, IX, and XI of the Complaint, as well as the Counts in Section XII of the Complaint that assert causes of action that are not asserted in the Class Action and have not been dismissed by the Court, to the extent such Counts are asserted against Defendants; and (ii) additional applicable affirmative defenses not raised in the Class Action Answer.  *See id.*, ¶(c).  No allegations in the Complaint shall be deemed admitted pursuant to Federal Rule of Civil Procedure 8(b)(6) unless admitted in (i) the Class Action Answer; (ii) the portions of this Answer addressing the above-mentioned specific paragraphs of the Complaint; or (iii) any amended answer as contemplated by section (e) of the Order.  *See id.*, ¶(d).

### GENERAL DENIAL

Except as otherwise expressly stated herein or the Class Action Answer, Defendants (1) generally deny each and every allegation in the Complaint, including, without limitation, any allegations contained in the preamble, introduction, headings, subheadings, unnumbered paragraphs and footnotes of the Complaint; (2) specifically deny any allegations to the extent they assert or suggest that Defendants acted or were imputed with scienter; (3) specifically deny that they have caused Plaintiff any harm; (4) deny any liability to Plaintiff; (5) deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations where they consist of excerpts from and/or references to third-party publications or statements; and (6) deny any defined terms in the Complaint to the extent they constitute allegations directed at Defendants.  To the extent the allegations in the Complaint are directed at Rosiello—either by specific attribution or by attribution to the defined terms "Individual Defendants" or "Valeant Defendants"—Rosiello generally denies any allegations that concern events alleged to have occurred or statements allegedly made when he was not a Valeant director or executive because no act or statement or

omission or knowledge or intent or obligation in this matter can appropriately be attributed to him during those periods.[1]

Defendants reserve the right to challenge the authenticity of all sources and documents referred to or purportedly quoted from in the Complaint, and to assert that any of the sources or documents referred to or purportedly quoted from by Plaintiff in the Complaint are covered by the attorney-client privilege, the work product doctrine, and/or otherwise applicable privileges. Further, in each case where Defendants admit that Plaintiff has accurately quoted a portion of a document, Defendants do not thereby admit any allegation concerning the document's application, any characterization of the document or portion thereof, or that the selective quotation fairly represents the document as a whole, and respectively refer the Court to such document for a true and complete account of its contents.

Defendants reserve the right to seek to amend or supplement their Answer as may be necessary or appropriate.

## RESPONSES TO SPECIFIC ALLEGATIONS

A.  **Section III.A**

18.     Defendants admit that the Officer of the Treasurer as Trustee for the Connecticut Retirement Plans and Trust Funds is a plaintiff in this action.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 18, and on that basis deny the allegations.

19.     Defendants deny that any illegal scheme existed, deny participating in any illegal scheme, deny that they made any misrepresentations or omissions, and deny that Valeant stock and notes traded at materially inflated prices.  Defendants deny knowledge or information

---

[1] Rosiello was an executive from July 1, 2015 through December 31, 2016.

sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 19, and on that basis deny the allegations.

**B.**   <u>**Section IV**</u>

26.   The allegations in Paragraph 26 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 26.

27.   Defendants admit that Valeant acquired Medicis Pharmaceutical Corp., Bausch & Lomb Holdings Inc., Salix Pharmaceuticals, Ltd., Sprout Pharmaceuticals, Inc., Isuprel, and Nitropress between 2008 and 2015 and admit that J. Michael Pearson ("Pearson") was Valeant's CEO.  To the extent the allegations in Paragraph 27 purport to characterize Valeant's acquisitions, Defendants deny that Plaintiff has accurately and completely characterized them and refer the Court to Valeant's public disclosures in connection therewith for a true and complete account of the acquisitions.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 27, and on that basis deny the allegations.

28.   The allegations in Paragraph 28 consist of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny that Paragraph 28 accurately and completely characterizes Valeant's alternative fulfillment program, deny engaging in any illegal practices, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 28, and on that basis deny such allegations.

29.   Defendants deny the allegations in Paragraph 29.

30.   Defendants admit that Pearson became CEO of Valeant in February 2008 and that Pearson was previously employed by McKinsey & Co., but deny that Paragraph 30 provides a true

4

and complete description of Pearson's background, his role as CEO of Valeant, or Valeant's business model.  Defendants deny the remaining allegations in Paragraph 30.

31.     Defendants admit that Rosiello was employed by Valeant and was previously employed by McKinsey & Co., but deny that Paragraph 31 provides a true and complete description of Rosiello's background or Valeant's business model.  Defendants deny the remaining allegations in Paragraph 31.

32.     Defendants deny the allegations in Paragraph 32, except admit that Pearson participated in public earnings calls and investor conferences.

33.     Defendants admit that Howard B. Schiller ("Schiller"), Tanya Carro ("Carro"), and Gary Tanner ("Tanner") were employed by Valeant.  Defendants deny the remaining allegations in Paragraph 33, except admit that Pearson signed Valeant's quarterly and annual financial statements, including Sarbanes-Oxley ("SOX") certifications.

34.     Defendants admit that Schiller was Valeant's CFO between December 2011 and June 2015, but deny that Paragraph 34 provides a true and complete description of Schiller's role as CFO of Valeant or Valeant's business model, and otherwise deny the remaining allegations in Paragraph 34.

35.     Defendants deny the allegations in Paragraph 35, except admit that Schiller signed Valeant's quarterly and annual financial statements, including SOX certifications.

36.     Defendants admit that Valeant restated its audited consolidated financial statements for the year ended December 31, 2014.  Defendants also admit that Valeant restated certain unaudited quarterly results related to the three months ended March 31, 2015.  To the extent the allegations in Paragraph 36 purport to quote from and characterize Valeant's public disclosures, Defendants deny that Plaintiff has accurately and completely characterized them and refer the

Court to Valeant's public disclosures for a true and complete account of their contents.  Defendants otherwise deny the remaining allegations in Paragraph 36.

37.     Defendants admit that Rosiello served as Valeant's CFO and EVP from July 2015 to December 2016, but deny that Paragraph 37 provides a true and complete description of Rosiello's background or Valeant's business model, and otherwise deny the remaining allegations in Paragraph 37.

38.     Defendants deny the allegations in Paragraph 38.

39.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 39, and on that basis deny the allegations.

40.     Defendants admit that Tanner was employed by Valeant at one time, but deny that Paragraph 40 is a true or complete characterization of Tanner's background, and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40.

41.     Defendants admit that Tanner sent an email to Valeant employees on January 3, 2013.  To the extent the allegations in Paragraph 41 purport to quote from and characterize Tanner's email, Defendants deny that Plaintiff has accurately and completely characterized it and refer the Court to the email for a true and complete account of its contents.  Defendants admit that Valeant executives signed a Contract Approval Form in the summer of 2013, which agreement speaks for itself.  To the extent the allegations in Paragraph 41 purport to quote from and characterize the agreement, Defendants deny that Plaintiff has accurately and completely characterized the document and refer the Court to the agreement for a true and complete account of its contents.  Defendants deny the remaining allegations in Paragraph 41.

42.     Defendants admit that Laizer Kornwasser ("Kornwasser") served as Valeant's EVP and Chairman from February 2013 through July 2015, but deny that Paragraph 42 provides a true and accurate description of Kornwasser's background, and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42.

43.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43, and on that basis deny the allegations.

44.     Defendants admit that Valeant and Philidor executed a purchase option agreement, which agreement speaks for itself.  To the extent the allegations in Paragraph 44 purport to quote from and characterize the agreement, Defendants deny that Plaintiff has accurately and completely characterized the document and refer the Court to the agreement for a true and complete account of its contents.  Defendants deny the remaining allegations in Paragraph 44.

45.     Defendants specifically deny that Tanner ceased to be a Valeant employee in August 2015, and aver that Tanner ceased to be a Valeant employee on September 13, 2015. Defendants admit that Tanner was subsequently employed by Philidor.  Defendants admit that Valeant engaged in negotiations with Tanner regarding a consulting agreement and deny that Valeant entered into a consulting agreement with Tanner.   Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 45.

46.     Defendants admit that an indictment was filed against Tanner in the Southern District of New York, which indictment speaks for itself, and admit that a jury convicted Tanner of wire fraud and conspiracy to commit money laundering, which conviction speaks for itself.  To the extent the allegations in Paragraph 46 purport to characterize the indictment, Defendants deny that Plaintiff has accurately and completely characterized the documents and refer the Court to the

indictment for a true and complete account of its contents.  Defendants deny the remaining allegations in Paragraph 46.

47.    Defendants admit that Bijal Patel ("Patel") and Ari Kellen ("Kellen") were Valeant employees at one time, but deny that Paragraph 47 is a true and complete description of their histories, their responsibilities, or Valeant's business practices, and otherwise deny the remaining allegations in Paragraph 47.

48.    Defendants deny the allegations relating to Valeant in Paragraph 48, except admit Valeant and Philidor entered into a purchase option agreement in December 2014, which agreement speaks for itself.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 48, and on that basis deny the allegations.

49.    Defendants deny the allegations relating to Valeant in Paragraph 49.  Defendants deny knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 49, and on that basis deny the allegations.

50.    Defendants deny the allegations in Paragraph 50.

51.    Defendants admit that Valeant acquired Medicis.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 51, and on that basis deny the allegations.

52.    Defendants admit Valeant and Philidor entered into a purchase option agreement in December 2014, which agreement speaks for itself.  Defendants also admit that Davenport was charged with fraud and conspiracy in an indictment filed in the Southern District of New York, which indictment speaks for itself.  Defendants deny knowledge or information sufficient to form

a belief as to the truth or falsity of the remaining allegations in Paragraph 52, and on that basis deny the allegations.

53.     Defendants deny the allegations relating to Valeant in Paragraph 53.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 53, and on that basis deny the allegations.

54.     Defendants admit that Valeant's Audit and Risk Committee included Norma Provencio, Theo Melas-Kyriazi, and Katharine Stevenson at one time.  Defendants admit that Valeant's Board of Directors included Provencio, Melas-Kyriazi, Stevenson, Robert Ingram, Ronald Farmer, Colleen Goggins, Anders Lönner, and Robert Power at one time.  Defendants deny the remaining allegations in Paragraph 54.

55.     Defendants admit that certain members of Valeant's board of directors visited a Philidor facility and that the board of directors approved Valeant's entry into a purchase option agreement with Philidor, but deny that Paragraph 55 provides a true and complete description of the subject matter described therein.  Defendants deny the remaining allegations in Paragraph 55.

56.     Defendants admit that Valeant held a conference call on October 26, 2015, the transcript of which speaks for itself.  Defendants further admit that Rosiello participated in the conference call on behalf of the Company.  To the extent the allegations in Paragraph 56 purport to quote from and characterize Valeant's conference call, Defendants deny that Plaintiff has accurately and completely characterized it and refer the Court to the conference call's transcript for a true and complete account of its contents.  Defendants deny the remaining allegations in Paragraph 56.

57.     The allegations in Paragraph 57 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed

required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57, and on that basis deny the allegations.

58.     The allegations in Paragraph 58 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 58.

**C.     Section V.A.2**

72.     Defendants admit that the drugs listed in Paragraph 72 were products to which Valeant acquired rights, but deny that Paragraph 72 provides a true and complete description of the subject matter described therein, and on that basis deny the remaining allegations in Paragraph 72.

**D.     Section V.A.3**

75.     Defendants deny the allegations in Paragraph 75.

76.     Defendants deny the allegations in Paragraph 76.

77.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 77, and on that basis deny the allegations.

**E.     Section V.A.4**

86.     Defendants deny the allegations in Paragraph 86, except state that to the extent that the allegations purport to describe and/or quote documents, Defendants refer the Court to such documents for a true and complete statement of their contents.

87.     Defendants deny the allegations in Paragraph 87, except state that to the extent that the allegations purport to describe and/or quote documents, Defendants refer the Court to such documents for a true and complete statement of their contents.

**F.**     **Section V.A.5**

94.     To the extent Plaintiff purports to describe R&O's lawsuit against Valeant in October 2015, it is a matter of public record.  Defendants deny that the allegations in Paragraph 94 accurately and completely describe the lawsuit described therein, and refer the Court to the lawsuit's docket for a true and complete account of its contents.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 94, and on that basis deny the allegations.

95.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 95, and on that basis deny the allegations.

96.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 96, and on that basis deny the allegations.

**G.**     **Section V.B.2**

120.     The allegations in Paragraph 120 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 120.

121.     Defendants admit that Valeant held a conference call on October 26, 2015, the transcript of which speaks for itself.  To the extent the allegations in Paragraph 121 purport to quote from and characterize Valeant's conference call, Defendants deny that Plaintiff has accurately and completely characterized it and refer the Court to the conference call's transcript for a true and complete account of its contents.  Defendants admit that Valeant disclosed acquisitions of Natur Produkt International, JSC and certain assets from Gerot Lannach in its 2014 Form 10-K, which Form 10-K speaks for itself.  To the extent the allegations in Paragraph 121 purport to quote from and characterize the 2014 10-K, Defendants deny that Plaintiff has accurately and completely characterized it and refer the Court to that document for a true and

11

complete account of its contents. To the extent the allegations in Paragraph 121 purport to characterize Accounting Standards Codification Topic 250 ("ASC 250"), Defendants refer the Court to that document for a true and complete account of its contents. The remaining allegations in Paragraph 121 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required. To the extent a response is deemed required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 121, and on that basis deny the allegations.

122. The allegations in Paragraph 122 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required. To the extent a response is deemed required, and to the extent the allegations in Paragraph 122 purport to characterize and quote from the Public Company Accounting Oversight Board Auditing Standard No. 5 ("AS 5"), Defendants refer the Court to that document for a true and complete account of its contents. Defendants deny the remaining allegations in Paragraph 122.

123. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 123, except state that to the extent that the allegations purport to describe and/or quote documents, Defendants refer the Court to such documents for a true and complete statement of their contents.

124. Defendants deny the allegations in Paragraph 124.

**H.    Section V.C**

125. The allegations in Paragraph 125 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 125.

I.     **Section V.C.1**

165.    Defendants admit that Valeant held a conference call on July 23, 2015, the transcript of which speaks for itself.  Defendants further admit that Pearson participated in the conference call on behalf of Valeant.  To the extent the allegations in Paragraph 165 purport to quote from and characterize Valeant's conference call, Defendants deny that Plaintiff has accurately and completely characterized it and refer the Court to the conference call's transcript for a true and complete account of its contents.  Defendants deny the remaining allegations in Paragraph 165.

166.    Defendants admit that, on July 28, 2015, Valeant filed a Form 10-Q for the quarter ending June 30, 2015 (the "2Q2015 Form 10-Q"), which is incorporated by reference as if set forth fully herein.  Defendants admit that Pearson and Rosiello signed the 2Q2015 Form 10-Q.  Defendants further admit that the allegations set forth in Paragraph 166 accurately quote portions of the 2Q2015 Form 10-Q.  Defendants deny the remaining allegations in Paragraph 166.

J.     **Section V.C.2(c)**

183.    Defendants admit that on March 16, 2015, Valeant announced a $1.45 billion offering of its common shares.  Defendants aver that on March 17, 2015 Valeant announced that it would issue 7,286,432 common shares at a price of $199 per share and that it intended to use proceeds of the offering to fund the purchase of Salix and related costs.  Defendants admit that Valeant made certain SEC filings in connection with its March 2015 offering.  To the extent the allegations in Paragraph 183 purport to quote from and characterize Valeant's filings, Defendants deny that Plaintiff has accurately and completely characterized them and refer the Court to the referenced documents for a true and complete account of their contents.  Defendants deny the remaining allegations in Paragraph 183.

184.    To the extent this Answer does not specifically respond to a cross-referenced paragraph, Defendants' responses to such allegations are encompassed by the Class Action Answer, which, pursuant to the Order, is incorporated by reference herein.  Defendants admit that on April 30, 2015, Valeant filed a Form 10-Q for the quarter ending March 31, 2014 (the "1Q2015 Form 10-Q"), which is incorporated by reference as if set forth fully herein.  To the extent the allegations in Paragraph 184 purport to quote from and characterize Valeant's filings, Defendants deny that Plaintiff has accurately and completely characterized them and refer the Court to the 1Q2015 Form 10-Q and the 2014 Form 10-K for a true and complete account of their contents. Defendants deny the remaining allegations in Paragraph 184.

185.    Defendants admit that on July 28, 2015, Valeant filed the 2Q2015 Form 10-Q.  To the extent the remaining allegations in Paragraph 185 purport to quote from and characterize the 2Q2015 Form 10-Q, Defendants deny that Plaintiff has accurately and completely characterized it and refer the Court to the 2Q2015 Form 10-Q for a true and complete account of its contents. Defendants deny the remaining allegations in Paragraph 185.

186.    Defendants incorporate by reference and restate this Answer's responses to Paragraphs 182–85 as if fully set forth herein.  To the extent this Answer does not specifically respond to a cross-referenced paragraph, Defendants' responses to such allegations are encompassed by the Class Action Answer, which, pursuant to the Order, is incorporated by reference herein.  The remaining allegations in Paragraph 186 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, and to the extent the allegations in Paragraph 186 purport to characterize Accounting Standards Codification Topic 810 ("ASC 810"), Defendants refer the Court to that

document for a true and complete account of its contents.   Defendants deny the remaining allegations in Paragraph 186.

187.   The allegations in Paragraph 187 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.   To the extent a response is deemed required, and to the extent the allegations in Paragraph 187 purport to quote from and characterize Valeant's filings, Defendants deny that Plaintiff has accurately and completely characterized them and refer the Court to Valeant's 2014 Form 10-K, the 1Q2015 Form 10-Q, and the 2Q2015 Form 10-Q for a true and complete account of their contents.   To the extent the allegations in Paragraph 187 purport to quote from and characterize SEC Staff Accounting Bulletin No. 13.B ("SAB 13.B"), Defendants refer the Court to the referenced document for a true and complete account of its contents.   Defendants deny the remaining allegations in Paragraph 187.

**K.   Section V.C.3.a**

188.   To the extent the allegations in Paragraph 188 purport to quote from and characterize Valeant's filings, Defendants deny that Plaintiff has accurately and completely characterized them and refer the Court to the referenced documents for a true and complete account of their contents.

189.   Defendants admit that Valeant communicated revenue results to investors, including in presentations accompanying the Company's earnings calls, but deny that Plaintiff has accurately and completely characterized those communications and refer the Court to the transcripts for a true and complete account of their contents.   Defendants deny the remaining allegations in Paragraph 189.

190.   To the extent the allegations in Paragraph 190 purport to characterize Valeant's restatement of revenue, Defendants deny that Plaintiff has accurately and completely characterized it and refer the Court to Valeant's public disclosure for a true and complete account of its contents.

To the extent the allegations in Paragraph 190 purport to quote from and characterize SEC Staff Accounting Bulletin No. 13 ("SAB 13"), Defendants refer the Court to the referenced document for a true and complete account of its contents.  Defendants deny the remaining allegations in Paragraph 190.

191.    Defendants admit that, on March 21, 2016, Valeant filed a Form 8-K, which Form 8-K speaks for itself.  To the extent the allegations in Paragraph 191 purport to characterize or quote from Valeant's March 21, 2016 Form 8-K, Defendants deny that Plaintiff has accurately and completely characterized it and refer the Court to Valeant's public disclosure for a true and complete account of its contents.  Defendants deny the remaining allegations in Paragraph 191.

192.    The allegations in Paragraph 192 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, and to the extent the allegations in Paragraph 192 purport to characterize ASC 605, Defendants refer the Court to that document for a true and complete account of its contents.  Defendants deny the remaining allegations in Paragraph 192.

193.    The allegations in Paragraph 193 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, and to the extent the allegations in Paragraph 193 purport to characterize ASC 605, Defendants refer the Court to that document for a true and complete account of its contents.  Defendants deny the remaining allegations in Paragraph 193.

194.    The allegations in Paragraph 194 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 194.

195.    To the extent the allegations in Paragraph 195 purport to characterize Valeant's restatement of revenue, Defendants deny that Plaintiff has accurately and completely characterized it and refer the Court to Valeant's public disclosure for a true and complete account of its contents. Defendants deny the remaining allegations in Paragraph 195.

196.    To the extent the allegations contained in Paragraph 196 purport to describe and/or quote documents, Defendants refer the Court to such documents for a true and complete statement of their contents.  Defendants deny the remaining allegations in Paragraph 196.

197.    To the extent the allegations contained in Paragraph 197 purport to describe and/or quote documents, Defendants refer the Court to such documents for a true and complete statement of their contents.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 197, and on that basis deny the allegations.

198.    To the extent the allegations contained in Paragraph 198 purport to describe and/or quote documents, Defendants refer the Court to such documents for a true and complete statement of their contents.  Defendants deny the remaining allegations in Paragraph 198.

**L.    Section V.C.6**

219.    Defendants deny the allegations in Paragraph 219.

220.    Defendants admit that *Bloomberg* published an article on September 28, 2015 and refer the Court to that publication for a true and complete account of its contents.  Defendants further admit that Democratic members of the House Oversight and Government Reform Committee sent a letter to Chairman Jason Chaffetz to request a subpoena of Valeant documents. Defendants deny the remaining allegations contained in Paragraph 220, except state that to the extent that the allegations contained in Paragraph 220 purport to describe and/or quote a document, Defendants refer the Court to such document for a true and complete statement of its contents.

221.     Defendants deny that the allegations in Paragraph 221 accurately and completely describe the factors affecting the price of Valeant securities described therein and otherwise deny the remaining allegations in Paragraph 221.

222.     Defendants admit that, on September 28, 2015, Valeant filed a Form 8-K, which is incorporated by reference as if set forth fully herein.  Defendants admit that the allegations set forth in Paragraph 222 accurately quote a portion of the letter attached to the Form 8-K filed on September 28, 2015 (subject to the alterations noted in brackets).  Defendants deny the remaining allegations in Paragraph 222.

223.     Defendants incorporate by reference and restate this Answer's responses to Paragraphs 127, 132, and 222 as if fully set forth herein.  To the extent this Answer does not specifically respond to a cross-referenced paragraph, Defendants' responses to such allegations are encompassed by the Class Action Answer, which, pursuant to the Order, is incorporated by reference herein.  Defendants deny the remaining allegations in Paragraph 223.

224.     Defendants admit that *The New York Times* published an article on October 4, 2015 and refer the Court to that publication for a true and complete account of its contents.  Defendants deny that the allegations in Paragraph 224 accurately and completely describe the factors affecting the price of Valeant securities described therein and otherwise deny the remaining allegations in Paragraph 224.

225.     Defendants admit that Valeant issued a press release on October 14, 2015, which press release speaks for itself.  To the extent the allegations in Paragraph 225 purport to quote from and characterize the press release, Defendants deny that Plaintiff has accurately and completely characterized it and refer the Court to the press release for a true and complete account of its contents.  Defendants deny that the allegations in Paragraph 225 accurately and completely

describe the factors affecting the price of Valeant securities described therein and otherwise deny the remaining allegation in Paragraph 225.

226.    Defendants admit that Valeant hosted a conference call on October 19, 2015, the transcript of which speaks for itself.  To the extent the allegations in Paragraph 226 purport to quote from and characterize Valeant's conference call, Defendants deny that Plaintiff has accurately and completely characterized it and refer the Court to the conference call's transcript for a true and complete account of its contents.  Defendants further admit that *The New York Times* published an article on October 19, 2015 and refer the Court to that publication for a true and complete account of its contents.  Defendants deny the remaining allegations in Paragraph 226.

227.    Defendants deny that the allegations in Paragraph 227 accurately and completely describe the factors affecting the price of Valeant securities described therein and otherwise deny the remaining allegations in Paragraph 227.

228.    Defendants admit that Valeant hosted a conference call on October 19, 2015, the transcript of which speaks for itself.  Defendants further admit that Pearson, Rosiello, and Kellen participated in the conference call on behalf of the Company.  To the extent the allegations in Paragraph 228 purport to quote from and characterize Valeant's conference call, Defendants deny that Plaintiff has accurately and completely characterized it and refer the Court to the conference call's transcript for a true and complete account of its contents.  Defendants deny the remaining allegations in Paragraph 228.

229.    Defendants admit that Valeant hosted a conference call on October 19, 2015, the transcript of which speaks for itself.  To the extent the allegations in Paragraph 229 purport to quote from and characterize materials used on the conference call, Defendants deny that Plaintiff has accurately and completely characterized them and refer the Court to the materials for a true

and complete account of their contents.  Defendants deny the remaining allegations in Paragraph 229.

230.    Defendants admit that Valeant hosted a conference call on October 19, 2015, the transcript of which speaks for itself.  Defendants further admit that Pearson participated in the conference call on behalf of the Company.  To the extent the allegations in Paragraph 230 purport to quote from and characterize Valeant's conference call, Defendants deny that Plaintiff has accurately and completely characterized it and refer the Court to the conference call's transcript for a true and complete account of its contents.  Defendants deny the remaining allegations in Paragraph 230.

231.    Defendants admit that Valeant hosted a conference call on October 19, 2015, the transcript of which speaks for itself.  Defendants further admit that Pearson participated in the conference call on behalf of the Company.  To the extent the allegations in Paragraph 231 purport to quote from and characterize Valeant's conference call, Defendants deny that Plaintiff has accurately and completely characterized it and refer the Court to the conference call's transcript for a true and complete account of its contents.  Defendants deny the remaining allegations in Paragraph 231.

232.    Defendants admit that Valeant hosted a conference call on October 19, 2015, the transcript of which speaks for itself.  Defendants further admit that Pearson participated in the conference call on behalf of the Company.  To the extent the allegations in Paragraph 232 purport to quote from and characterize Valeant's conference call, Defendants deny that Plaintiff has accurately and completely characterized it and refer the Court to the conference call's transcript for a true and complete account of its contents.  Defendants deny the remaining allegations in Paragraph 232.

233.   Defendants admit that Valeant hosted a conference call on October 19, 2015, the transcript of which speaks for itself.  Defendants further admit that Rosiello participated in the conference call on behalf of the Company.  To the extent the allegations in Paragraph 233 purport to quote from and characterize Valeant's conference call or materials used on the conference call, Defendants deny that Plaintiff has accurately and completely characterized them and refer the Court to the conference call's transcript and the materials for a true and complete account of their contents.  Defendants deny the remaining allegations in Paragraph 233.

234.   Defendants admit that Valeant hosted a conference call on October 19, 2015, the transcript of which speaks for itself.  Defendants further admit that Pearson participated in the conference call on behalf of the Company.  To the extent the allegations in Paragraph 234 purport to quote from and characterize Valeant's conference call or materials used on the conference call, Defendants deny that Plaintiff has accurately and completely characterized them and refer the Court to the conference call's transcript and the materials for a true and complete account of their contents.  Defendants deny the remaining allegations in Paragraph 234.

235.   Defendants incorporate by reference and restate this Answer's responses to Paragraphs 228–34 as if fully set forth herein.  The remaining allegations in Paragraph 235 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 235.

236.   Defendants admit that Citron published a document on October 21, 2015 and refer the Court to that publication for a true and complete account of its contents.  Defendants deny that the allegations in Paragraph 236 accurately and completely describe the factors affecting the price of Valeant securities described therein and otherwise deny the remaining allegations in Paragraph 236.

237.    Defendants admit that Valeant issued a press release on October 21, 2015, which press release speaks for itself.  Defendants admit that BMO Capital Markets Corp. ("BMO") published an article on October 22, 2015, and refer the Court to that publication for a true and complete account of its contents.  To the extent the allegations in Paragraph 237 purport to quote from and characterize these documents, Defendants deny that Plaintiff has accurately and completely characterized them and refer the Court to these documents for a true and complete account of their contents.  Defendants deny the remaining allegations in Paragraph 237.

238.    Defendants deny that the allegations in Paragraph 238 accurately and completely describe the factors affecting the price of Valeant stock and debt securities described therein and otherwise deny the remaining allegations in Paragraph 238.

239.    Defendants admit that Valeant issued a press release on October 21, 2015, which press release speaks for itself.  To the extent the allegations in Paragraph 239 purport to quote from and characterize this press release, Defendants deny that Plaintiff has accurately and completely characterized it and refer the Court to the press release for a true and complete account of its contents.  Defendants deny the remaining allegations in Paragraph 239.

240.    Defendants admit that *The Wall Street Journal* published an article on October 25, 2015 and refer the Court to that publication for a true and complete account of its contents.  Defendants admit that on October 26, 2015, Valeant filed a Form 10-Q for the quarter ending September 30, 2015 (the "3Q2015 Form 10-Q"), which is incorporated by reference as if set forth fully herein.  To the extent the allegations in Paragraph 240 purport to quote from and characterize these documents, Defendants deny that Plaintiff has accurately and completely characterized them and refer the Court to these documents for a true and complete account of their contents.  Defendants deny the remaining allegations in Paragraph 240.

241.    Defendants admit that on October 26, 2015, Valeant filed the 3Q2015 Form 10-Q. Defendants admit that the allegations set forth in Paragraph 241 accurately quote portions of the 3Q2015 Form 10-Q (subject to the alterations noted in the ellipses).  Defendants deny the remaining allegations in Paragraph 241.

242.    Defendants admit the allegations in Paragraph 242.

243.    Defendants admit that Valeant hosted a conference call on October 26, 2015, the transcript of which speaks for itself.  To the extent the allegations in Paragraph 243 purport to quote from and characterize materials used on the conference call, Defendants deny that Plaintiff has accurately and completely characterized them and refer the Court to the materials for a true and complete account of their contents.  Defendants deny the remaining allegations in Paragraph 243.

244.    Defendants admit that Valeant hosted a conference call on October 26, 2015, the transcript of which speaks for itself.  Defendants further admit that Pearson participated in the conference call on behalf of the Company.  To the extent the allegations in Paragraph 244 purport to quote from and characterize Valeant's conference call, Defendants deny that Plaintiff has accurately and completely characterized it and refer the Court to the conference call's transcript for a true and complete account of its contents.  Defendants deny the remaining allegations in Paragraph 244.

245.    Defendants admit that Valeant hosted a conference call on October 26, 2015, the transcript of which speaks for itself.  Defendants further admit that Ingram participated in the conference call on behalf of the Company.  To the extent the allegations in Paragraph 245 purport to quote from and characterize Valeant's conference call, Defendants deny that Plaintiff has accurately and completely characterized it and refer the Court to the conference call's transcript

for a true and complete account of its contents.  Defendants deny the remaining allegations in Paragraph 245.

246.    Defendants admit that Valeant hosted a conference call on October 26, 2015, the transcript of which speaks for itself.  Defendants further admit that Rosiello participated in the conference call on behalf of the Company.  To the extent the allegations in Paragraph 246 purport to quote from and characterize Valeant's conference call, Defendants deny that Plaintiff has accurately and completely characterized it and refer the Court to the conference call's transcript for a true and complete account of its contents.  Defendants deny the remaining allegations in Paragraph 246.

247.    Defendants admit that Valeant hosted a conference call on October 26, 2015, the transcript of which speaks for itself.  Defendants further admit that Carro participated in the conference call on behalf of the Company.  To the extent the allegations in Paragraph 247 purport to quote from and characterize Valeant's conference call, Defendants deny that Plaintiff has accurately and completely characterized it and refer the Court to the conference call's transcript for a true and complete account of its contents.  Defendants deny the remaining allegations in Paragraph 247.

248.    Defendants admit that Valeant hosted a conference call on October 26, 2015, the transcript of which speaks for itself.  Defendants further admit that Schiller participated in the conference call on behalf of the Company.  To the extent the allegations in Paragraph 248 purport to quote from and characterize Valeant's conference call, Defendants deny that Plaintiff has accurately and completely characterized it and refer the Court to the conference call's transcript for a true and complete account of its contents.  Defendants deny the remaining allegations in Paragraph 248.

249.     Defendants admit that Valeant hosted a conference call on October 26, 2015, the transcript of which speaks for itself.  Defendants further admit that Pearson participated in the conference call on behalf of the Company.  To the extent the allegations in Paragraph 249 purport to quote from and characterize Valeant's conference call, Defendants deny that Plaintiff has accurately and completely characterized it and refer the Court to the conference call's transcript for a true and complete account of its contents.  Defendants deny the remaining allegations in Paragraph 249.

250.     Defendants incorporate by reference and restate this Answer's responses to Paragraphs 64–83 and 241–49 as if fully set forth herein.  To the extent this Answer does not specifically respond to a cross-referenced paragraph, Defendants' responses to such allegations are encompassed by the Class Action Answer, which, pursuant to the Order, is incorporated by reference herein.  The remaining allegations in Paragraph 250 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 250.

251.     Defendants admit that *Bloomberg* published an article on October 26, 2015 and refer the Court to that publication for a true and complete account of its contents.  Defendants deny that the allegations in Paragraph 251 accurately and completely describe the factors affecting the price of Valeant securities described therein and otherwise deny the remaining allegations in Paragraph 251.

252.     Defendants admit that *Bloomberg* published an article on October 28, 2015 and refer the Court to that publication for a true and complete account of its contents.  Defendants admit that *Bloomberg Businessweek* published an article on October 29, 2015 and refer the Court to that publication for a true and complete account of its contents.  Defendants admit that CVS

Caremark issued an announcement regarding its business relationship with Philidor on or about October 29, 2015, and refer the Court to that announcement for a true and complete account of its contents.  Defendants deny the remaining allegations in Paragraph 252.

253.    Defendants deny that the allegations in Paragraph 253 accurately and completely describe the factors affecting the price of Valeant securities described therein and otherwise deny the remaining allegations in Paragraph 253.

254.    Defendants admit that Express Scripts and OptumRx issued announcements regarding their business relationships with Philidor on or about October 29, 2015, and refer the Court to those announcements for a true and complete account of their contents.  Defendants admit that Valeant issued a press release on October 30, 2015, which press release speaks for itself.  To the extent the allegations in Paragraph 254 purport to quote from and characterize Valeant's press release, Defendants deny that Plaintiff has accurately and completely characterized it and refer the Court to Valeant's press release for a true and complete account of its contents.  Defendants deny the remaining allegations in Paragraph 254.

255.    Defendants deny that the allegations in Paragraph 255 accurately and completely describe the factors affecting the price of Valeant securities described therein and otherwise deny the remaining allegations in Paragraph 255.

256.    Defendants admit that the U.S. Senate announced an investigation of drug pricing on November 4, 2015.  Defendants admit that *Bloomberg* and *The Wall Street Journal* published articles on November 4, 2015 and refer the Court to these publications for a true and complete account of their contents.  Defendants deny the remaining allegations in Paragraph 256.

257.    Defendants deny that the allegations in Paragraph 257 accurately and completely describe the factors affecting the price of Valeant securities described therein and otherwise deny the remaining allegations in Paragraph 257.

258.    Defendants admit that Valeant hosted a conference call on November 10, 2015, the transcript of which speaks for itself.  Defendants further admit that Pearson, Rosiello, Carro, and Kellen participated in the conference call on behalf of the Company.  To the extent the allegations in Paragraph 258 purport to quote from and characterize Valeant's conference call, Defendants deny that Plaintiff has accurately and completely characterized it and refer the Court to the conference call's transcript for a true and complete account of its contents.  Defendants deny the remaining allegations in Paragraph 258.

259.    Defendants deny the allegations in Paragraph 259.

260.    Defendants admit that Valeant hosted a conference call on November 10, 2015, the transcript of which speaks for itself.  Defendants further admit that Pearson participated in the conference call on behalf of the Company.  To the extent the allegations in Paragraph 260 purport to quote from and characterize Valeant's conference call, Defendants deny that Plaintiff has accurately and completely characterized it and refer the Court to the conference call's transcript for a true and complete account of its contents.  Defendants deny the remaining allegations in Paragraph 260.

261.    Defendants admit that Valeant hosted a conference call on November 10, 2015, the transcript of which speaks for itself.  Defendants further admit that Pearson participated in the conference call on behalf of the Company.  To the extent the allegations in Paragraph 261 purport to quote from and characterize Valeant's conference call, Defendants deny that Plaintiff has accurately and completely characterized it and refer the Court to the conference call's transcript

for a true and complete account of its contents.  Defendants deny the remaining allegations in Paragraph 261.

262.    Defendants incorporate by reference and restate this Answer's response to Paragraphs 260-61 as if fully set forth herein.  Defendants deny that the allegations in Paragraph 262 accurately and completely describe the factors affecting the price of Valeant stock described therein and otherwise deny the remaining allegations in Paragraph 262.

263.    Defendants admit that *Bloomberg* published an article on November 11, 2015 and refer the Court to that publication for a true and complete account of its contents.  Defendants admit that Nomura issued a rating on Valeant stock on November 11, 2015, which speaks for itself. To the extent the allegations in Paragraph 263 purport to characterize Nomura's rating, Defendants deny that Plaintiff has accurately and completely characterized it and refer the Court to Nomura's rating for a true and complete account of its contents.  Defendants deny that the allegations in Paragraph 263 accurately and completely describe the factors affecting the price of Valeant stock described therein and otherwise deny the remaining allegations in Paragraph 263.

264.    Defendants admit that *Bloomberg* published an article on November 12, 2015 and refer the Court to that publication for a true and complete account of its contents.  Defendants deny that the allegations in Paragraph 264 accurately and completely describe the factors affecting the price of Valeant securities described therein and otherwise deny the remaining allegations in Paragraph 264.

265.    Defendants admit that *Bloomberg* published an article on November 16, 2015 and refer the Court to that publication for a true and complete account of its contents.  Defendants admit that *The Washington Post* published an article on November 16, 2015 and refer the Court to that publication for a true and complete account of its contents.  Defendants deny that the

allegations in Paragraph 265 accurately and completely describe the factors affecting the price of Valeant securities described therein and otherwise deny the remaining allegations in Paragraph 265.

266.     Defendants admit that Valeant issued a press release on December 16, 2015, which press release speaks for itself.  To the extent the allegations in Paragraph 266 purport to quote from and characterize Valeant's press release, Defendants deny that Plaintiff has accurately and completely characterized it and refer the Court to Valeant's press release for a true and complete account of its contents.  Defendants deny the remaining allegations in Paragraph 266.

267.     Defendants admit that Valeant hosted a conference call on December 16, 2015, the transcript of which speaks for itself.  Defendants further admit that Pearson, Rosiello, Jorn, and Kellen participated in the conference call on behalf of the Company.  To the extent the allegations in Paragraph 267 purport to quote from and characterize Valeant's conference call, Defendants deny that Plaintiff has accurately and completely characterized it and refer the Court to the conference call's transcript for a true and complete account of its contents.  Defendants deny the remaining allegations in Paragraph 267.

268.     Defendants incorporate by reference and restate this Answer's responses to Paragraph 267 as if fully set forth herein.  The remaining allegations in Paragraph 268 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 268.

269.     Defendants admit that Mizuho Securities USA ("Mizuho") published a report on December 17, 2015 and refer the Court to that report for a true and complete account of its contents. Defendants admit that *Bloomberg* published an article on December 17, 2015 and refer the Court to that publication for a true and complete account of its contents.  Defendants deny that the

allegations in Paragraph 269 accurately and completely describe the factors affecting the price of Valeant securities described therein and otherwise deny the remaining allegations in Paragraph 269.

270.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 270 with respect to Plaintiff's reference to and quote from a third-party analyst at Wells Fargo, and therefore deny the allegations, except state that to the extent the allegations purport to describe and/or quote from that report, Defendants refer the Court to such report for a true and complete account of its contents.  Defendants deny that the allegations in Paragraph 270 completely and accurately describe the factors affecting the price of Valeant securities described therein and otherwise deny the remaining allegations in Paragraph 270.

271.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's references to and quotes from third-party analysts at Wells Fargo, and therefore deny the allegations, except state that to the extent the allegations purport to describe and/or quote that report, Defendants refer the Court to such report for a true and complete account of its contents.  Defendants admit that CVS issued an announcement relating to Jublia on or about February 22, 2016, and refer the Court to that announcement for a true and complete account of its contents.  Defendants admit that *The Wall Street Journal* published an article on February 22, 2016 and refer the Court to that publication for a true and complete account of its contents.  Defendants admit that Valeant issued a press release on February 22, 2016 and refer the Court to that publication for a true and complete account of its contents.  Defendants deny that the allegations in Paragraph 271 accurately and completely describe the factors affecting the price of Valeant securities described therein and otherwise deny the remaining allegations in Paragraph 271.

272.     Defendants admit that Valeant issued a press release on February 28, 2016, which press release speaks for itself, and refer the Court to that publication for a true and complete account of its contents.  Defendants admit that Moody's produced a report on February 29, 2016 and refer the Court to that publication for a true and complete account of its contents.  Defendants deny the remaining allegations in Paragraph 272, except state that to the extent the remaining allegations purport to describe and/or quote documents, Defendants refer the Court to such documents for a true and complete statement of their contents.

273.     Defendants deny that the allegations in Paragraph 273 accurately and completely describe the factors affecting the price of Valeant securities described therein and otherwise deny the remaining allegations in Paragraph 273.

274.     Defendants admit that Valeant issued a press release on March 15, 2016, which press release speaks for itself.  Defendants admit that Valeant held a conference call on March 15, 2016, the transcript of which speaks for itself.  To the extent the allegations in Paragraph 274 purport to quote from and characterize Valeant's press release or conference call, Defendants deny that Plaintiff has accurately and completely characterized them and refer the Court to the press release or conference call's transcript for a true and complete account of their contents.  Defendants admit that Moody's issued a rating on March 15, 2016, which speaks for itself.  To the extent the allegations in Paragraph 274 purport to characterize Moody's rating, Defendants deny that Plaintiff has accurately and completely characterized it and refer the Court to Moody's rating for a true and complete account of its contents.  Defendants deny the remaining allegations in Paragraph 274.

275.     Defendants deny that the allegations in Paragraph 275 accurately and completely describe the factors affecting the price of Valeant securities described therein and otherwise deny the remaining allegations in Paragraph 275.

31

276.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's references to third-party news sources in Paragraph 276.  Defendants deny that the allegations in Paragraph 276 accurately and completely describe the factors affecting the price of Valeant securities described therein and otherwise deny the remaining allegations in Paragraph 276.

277.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's references to third-party news sources.  Defendants specifically deny that Pearson testified before the Senate Special Committee on Aging on April 28, 2016, and aver that Pearson testified before the Senate Special Committee on Aging on April 27, 2016.  Defendants admit that on April 29, 2016, Valeant filed a Form 10-K for the year ending December 31, 2015 (the "2015 Form 10-K"), which is incorporated by reference as if set forth fully herein.  Defendants deny the remaining allegations in Paragraph 277.

278.    Defendants deny that the allegations in Paragraph 278 accurately or completely describe the factors affecting the price of Valeant securities described therein and otherwise deny the remaining allegations in Paragraph 278.

279.    Defendants admit that Valeant issued a press release on June 7, 2016, which press release speaks for itself.  Defendants admit that Valeant held a conference call on June 7, 2016, the transcript of which speaks for itself.  Defendants further admit that Rosiello participated in the conference call on behalf of the Company.  To the extent the allegations in Paragraph 279 purport to quote from and characterize Valeant's press release or conference call, Defendants deny that Plaintiff has accurately and completely characterized them and refer the Court to Valeant's press release or the conference call's transcript for a true and complete account of their contents.  Defendants deny the remaining allegations in Paragraph 279.

280.     Defendants deny that the allegations in Paragraph 280 accurately and completely describe the factors affecting the price of Valeant securities described therein and otherwise deny the remaining allegations in Paragraph 280.

281.     Defendants admit that Valeant held a conference call on June 7, 2016, the transcript of which speaks for itself.  Defendants further admit that Joseph Papa participated in the conference call on behalf of the Company.  To the extent the allegations in Paragraph 281 purport to quote from and characterize Valeant's conference call, Defendants deny that Plaintiff has accurately and completely characterized it and refer the Court to the conference call's transcript for a true and complete account of its contents.  Defendants deny the remaining allegations in Paragraph 281.

**M.     Section VI**

282.     The allegations in Paragraph 282 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 282, and on that basis deny the allegations, except admit that Valeant's U.S. headquarters is located in New Jersey.

283.     The allegations in Paragraph 283 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 283, except admit that Defendants Pearson, Schiller, Rosiello, and Carro were employed by Valeant.

284.     The allegations in Paragraph 284 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 284.

285.    The allegations in Paragraph 285 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 285.

286.    The allegations in Paragraph 286 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 286.

N.    **Section VIII**

347.    The allegations in Paragraph 347 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 347.

348.    The allegations in Paragraph 348 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 348.

349.    The allegations in Paragraph 349 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants admit that Valeant shares of common stock trade on the New York Stock Exchange and the Toronto Stock Exchange, that Valeant files periodic reports with the SEC and makes periodic public statements to the market, that Valeant issued press releases, and that securities analysts have reported on Valeant.  Defendants otherwise deny the remaining allegations in Paragraph 349.

350.    The allegations in Paragraph 350 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 350.

351.    The allegations in Paragraph 351 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 351.

352.    The allegations in Paragraph 352 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 352.

353.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 353, and on that basis deny the allegations.

354.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 354, and on that basis deny the allegations.

355.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 355, and on that basis deny the allegations.

356.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 356, and on that basis deny the allegations.

357.    The allegations in Paragraph 357 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants admit that the allegations in Paragraph 357 accurately quote portions of the 2013 Form 10-K.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 357, and on that basis deny the allegations, except.

358.    The allegations in Paragraph 358 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in Paragraph 358, and on that basis deny the allegations, except state that to the extent the allegations purport to describe and/or quote documents, Defendants refer the Court to such documents for a true and complete statement of their contents.

359.    The allegations in Paragraph 359 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 359, and on that basis deny the allegations, except admit that the allegations in Paragraph 359(a) accurately quote portions of the 2014 Form 10-K.

360.    The allegations in Paragraph 360 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 360, and on that basis deny the allegations, except state that to the extent the allegations purport to describe and/or quote documents, Defendants refer the Court to such documents for a true and complete statement of their contents.

361.    The allegations in Paragraph 361 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 361, and on that basis deny the allegations.

O.    **Section IX**

362.    The allegations in Paragraph 362 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 362.

363.    The allegations in Paragraph 363 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed

required, Defendants deny that they made any false or misleading statements or omissions, deny that Plaintiff was harmed by any wrongful conduct by Defendants, and deny that Valeant securities traded at artificially inflated prices.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 363, and on that basis deny the allegations.

364.    The allegations in Paragraph 364 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 364.

**P.**    **Section XI**

366.    The allegations in Paragraph 366 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 366.

367.    The allegations in Paragraph 367 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 367.

368.    The allegations in Paragraph 368 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 368.

369.    The allegations in Paragraph 369 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 369 regarding the conduct of Plaintiff or its employees, and deny the remaining allegations in Paragraph 369.

370.    The allegations in Paragraph 370 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 370.

371.    The allegations in Paragraph 371 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 371.

372.    The allegations in Paragraph 372 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 372 regarding the conduct of Plaintiff or its employees, and deny the remaining allegations in Paragraph 372.

373.    The allegations in Paragraph 373 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 373.

374.    The allegations in Paragraph 374 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 374.

Q.    **Section XII**

**COUNT I**

375.    Defendants incorporate by reference and restate this Answer's responses to Paragraphs 1–374 as if fully set forth herein.  To the extent this Answer does not specifically respond to a cross-referenced paragraph, Defendants' responses to such allegations are encompassed by the Class Action Answer, which, pursuant to the Order, is incorporated by reference herein.

376.    The allegations in Paragraph 376 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 376.

377.    The allegations in Paragraph 377 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 377.

378.    The allegations in Paragraph 378 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 378.

379.    The allegations in Paragraph 379 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 379.

380.    The allegations in Paragraph 380 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 380.

381.    The allegations in Paragraph 381 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 381.

382.    The allegations in Paragraph 382 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 382.

383.    The allegations in Paragraph 383 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 383.

384.    The allegations in Paragraph 384 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 384.

385.    The allegations in Paragraph 385 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 385.

386.    The allegations in Paragraph 386 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 386.

387.    The allegations in Paragraph 387 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 387.

388.    The allegations in Paragraph 388 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 388.

389.    The allegations in Paragraph 389 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 389.

390.    The allegations in Paragraph 390 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 390.

391.    The allegations in Paragraph 391 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 391.

392.    The allegations in Paragraph 392 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 392.

COUNT II

393.    Defendants incorporate by reference and restate this Answer's responses to Paragraphs 1–374 as if fully set forth herein.  To the extent this Answer does not specifically respond to a cross-referenced paragraph, Defendants' responses to such allegations are encompassed by the Class Action Answer, which, pursuant to the Order, is incorporated by reference herein.

394.    The allegations in Paragraph 394 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 394.

395.    The allegations in Paragraph 395 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 395.

396.    The allegations in Paragraph 396 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 396.

397.    The allegations in Paragraph 397 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 397.

**COUNT III**

398.    Defendants incorporate by reference and restate this Answer's responses to Paragraphs 1–374 as if fully set forth herein.  To the extent this Answer does not specifically respond to a cross-referenced paragraph, Defendants' responses to such allegations are encompassed by the Class Action Answer, which, pursuant to the Order, is incorporated by reference herein.

399.    The allegations in Paragraph 399 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 399.

400.    The allegations in Paragraph 400 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 400.

**COUNT V**

408.    Defendants incorporate by reference and restate this Answer's responses to Paragraphs 1–374 as if fully set forth herein.  To the extent this Answer does not specifically respond to a cross-referenced paragraph, Defendants' responses to such allegations are

encompassed by the Class Action Answer, which, pursuant to the Order, is incorporated by reference herein.

409.    The allegations in Paragraph 409 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 409.

410.    The allegations in Paragraph 410 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 410.

411.    The allegations in Paragraph 411 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 411.

412.    The allegations in Paragraph 412 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 412.

413.    The allegations in Paragraph 413 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 413.

414.    The allegations in Paragraph 414 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 414, and on that basis deny the allegations.

415.    Defendants incorporate by reference and restate this Answer's responses to Paragraphs 347–61 as if fully set forth herein.  To the extent this Answer does not specifically

respond to a cross-referenced paragraph, Defendants' responses to such allegations are encompassed by the Class Action Answer, which, pursuant to the Order, is incorporated by reference herein. The remaining allegations in Paragraph 415 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required. To the extent a response is deemed required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 415, and on that basis deny the allegations.

416. The allegations in Paragraph 416 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required. To the extent a response is deemed required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 416 regarding Plaintiff's conduct, and on that basis deny the allegations. Defendants deny the remaining allegations in Paragraph 416.

417. The allegations in Paragraph 417 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 417.

418. The allegations in Paragraph 418 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 418.

**COUNT VII**

426. Defendants incorporate by reference and restate this Answer's responses to Paragraphs 1–374 as if fully set forth herein. To the extent this Answer does not specifically respond to a cross-referenced paragraph, Defendants' responses to such allegations are encompassed by the Class Action Answers, which, pursuant to the Order, is incorporated by reference herein.

427.    The allegations in Paragraph 427 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 427.

428.    The allegations in Paragraph 428 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 428.

429.    The allegations in Paragraph 429 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 429.

430.    The allegations in Paragraph 430 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 430.

431.    The allegations in Paragraph 431 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 431.

432.    The allegations in Paragraph 432 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 432 regarding Plaintiff's conduct, and on that basis deny the allegations.  Defendants deny the remaining allegations in Paragraph 432.

## COUNT VIII

433.    Defendants incorporate by reference and restate this Answer's responses to Paragraphs 1–374 as if fully set forth herein.  To the extent this Answer does not specifically

respond to a cross-referenced paragraph, Defendants' responses to such allegations are encompassed by the Class Action Answer, which, pursuant to the Order, is incorporated by reference herein.

434.    The allegations in Paragraph 434 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 434.

435.    The allegations in Paragraph 435 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 435.

436.    The allegations in Paragraph 436 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 436.

437.    The allegations in Paragraph 437 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 437.

438.    The allegations in Paragraph 438 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 438.

439.    The allegations in Paragraph 439 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 439 regarding Plaintiff's conduct, and on that basis deny the allegations.  Defendants deny the remaining allegations in Paragraph 439.

440.    The allegations in Paragraph 440 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 440.

441.    The allegations in Paragraph 441 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 441.

**COUNT IX**

442.    Defendants incorporate by reference and restate this Answer's responses to Paragraphs 1–374 as if fully set forth herein.  To the extent this Answer does not specifically respond to a cross-referenced paragraph, Defendants' responses to such allegations are encompassed by the Class Action Answer, which, pursuant to the Order, is incorporated by reference herein.

443.    The allegations in Paragraph 443 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 443.

444.    The allegations in Paragraph 444 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 444.

445.    The allegations in Paragraph 445 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 445.

446.    The allegations in Paragraph 446 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 446.

447.    The allegations in Paragraph 447 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 447.

448.    The allegations in Paragraph 448 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 448 regarding Plaintiff's conduct, and on that basis deny the allegations.  Defendants deny the remaining allegations in Paragraph 448.

449.    The allegations in Paragraph 449 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 448 regarding Plaintiff's conduct, and on that basis deny the allegations.  Defendants deny the remaining allegations in Paragraph 449.

450.    The allegations in Paragraph 450 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 450.

**COUNT X**

451.    Defendants incorporate by reference and restate this Answer's responses to Paragraphs 1–374 as if fully set forth herein.  To the extent this Answer does not specifically respond to a cross-referenced paragraph, Defendants' responses to such allegations are

encompassed by the Class Action Answers, which, pursuant to the Order, is incorporated by reference herein.

452.    The allegations in Paragraph 452 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 452.

453.    The allegations in Paragraph 453 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 453.

454.    The allegations in Paragraph 454 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants admit that Pearson and Rosiello were officers or directors of Valeant. Defendants deny the remaining allegations in Paragraph 454.

455.    The allegations in Paragraph 455 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 455.

456.    The allegations in Paragraph 456 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 456.

## COUNT XI

457.    Defendants incorporate by reference and restate this Answer's responses to Paragraphs 1–374 as if fully set forth herein.  To the extent this Answer does not specifically respond to a cross-referenced paragraph, Defendants' responses to such allegations are

encompassed by the Class Action Answers, which, pursuant to the Order, is incorporated by reference herein.

458.    The allegations in Paragraph 458 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 458.

459.    The allegations in Paragraph 459 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants admit that Pearson and Rosiello were at times employed by Valeant. Defendants deny the remaining allegations in Paragraph 459.

460.    The allegations in Paragraph 460 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 460.

461.    The allegations in Paragraph 461 consist of legal conclusions and Plaintiff's description of its claims, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 461.

## AFFIRMATIVE DEFENSES

Pursuant to the Order, the Affirmative Defenses asserted in the Class Action Answers are incorporated by reference and restated herein.

Without assuming the burden of proof as to any defense or issue that would otherwise rest on Plaintiff or as to any element of Plaintiff's claims, and reserving the right to amend this Answer to assert any additional defenses when, and if, in the course of their investigation, discovery, preparation for trial, or otherwise it becomes appropriate to assert such defenses, Defendants incorporate by reference and restate herein the Affirmative Defenses asserted in the Class Action Answer and Defendants assert the following, additional affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants at all times acted in good faith and did not know, and in the exercise of reasonable care could not have known or had reasonable grounds to believe, that any misstatements or omissions of material fact existed in any of Valeant's filings with the United States Securities and Exchange Commission ("SEC") or in any of Valeant's public statements to investors.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not actually rely on the public filings or statements alleged in the Complaint that were alleged to be materially false or misleading when made.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they are premised on alleged misstatements or omissions of material fact in documents that were not filed with the SEC.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they are beyond the applicable statute(s) of limitation and/or repose, and Plaintiff is barred from invoking tolling under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974).

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they are preempted by the Securities Litigation Uniform Standards Act ("SLUSA").

## SIXTH AFFIRMATIVE DEFENSE

No act or omission of Defendants was malicious, willful, wanton, or reckless, and, therefore, Plaintiff is not entitled to any award of punitive damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because no racketeering enterprise existed.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants were not employed by, associated with, or participants in, the alleged racketeering enterprise (because none existed).

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants did not purposefully and knowingly further, assist, or help effectuate the goals of the alleged racketeering enterprise or otherwise participate in the conduct of the affairs of the racketeering enterprise (because none existed).

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or part, because Defendants did not commit any of the alleged predicate acts.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants did not commit the alleged predicate acts willfully or with actual knowledge of the illegal activities.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or part, because Defendants did not engage in a pattern of racketeering activity.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants' alleged racketeering activity did not have either the same or similar purposes, results, participants or victims or methods of commission, or are not otherwise interrelated by distinguishing characteristics.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants' alleged racketeering activity does not pose a threat of continued or continuing criminal activity.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff was not damaged in their business or property by reason of the alleged RICO violations.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered a cognizable RICO injury.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for conspiring to violate RICO are barred because Plaintiff cannot establish that Defendants violated RICO.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants did not agree to violate RICO.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants' alleged racketeering activity did not have either the same or similar purposes, results, participants or victims or methods of commission, or are not otherwise interrelated by distinguishing characteristics.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants did not agree to conduct or participate in the conduct of the affairs of the alleged racketeering enterprise (because none existed).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants did not agree to the commission of at least two predicate acts.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because no racketeering enterprise existed, such that the alleged RICO conspiracy cannot exist.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff was not injured as a result of the alleged RICO conspiracy.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for aiding and abetting RICO violations are barred because Plaintiff cannot establish that Defendants violated RICO.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot establish that Defendants had any knowledge of the existence of any racketeering enterprise (because none existed).

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot establish that Defendants provided substantial assistance in advancing the commission of any alleged RICO violations.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for aiding and abetting violations are barred because Plaintiff cannot establish that Defendants committed any of the alleged violations.

**ADDITIONAL DEFENSES**

Defendants assert, and expressly reserve all rights with respect to, all counterclaims, cross-claims, third-party claims or contribution claims that may be revealed during the course of discovery.  Defendants also assert and expressly reserve all rights with respect to all other defenses that may be revealed during the course of discovery.  Defendants expressly reserve the right to amend and/or supplement this Answer.

Dated: December 18, 2019

/s/ Richard Hernandez
Richard Hernandez
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone:  (973) 848-8615
Facsimile:  (973) 297-6615

Paul C. Curnin (admitted *pro hac vice*)
Craig S. Waldman (admitted *pro hac vice*)
Kavitha Sivashanker (*pro hac vice* forthcoming)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Attorneys for Valeant Pharmaceuticals*
*International, Inc. and Robert L. Rosiello*